J-S26019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY J. TILLMAN | |
| Appellant | No. 2179 EDA 2015 |

Appeal from the PCRA Order entered July 9, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002478-2005

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JUNE 20, 2016**

Appellant, Jeffrey J. Tillman, appeals *pro se* from the July 9, 2015 order entered in the Court of Common Pleas of Lehigh County, denying as untimely his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following review, we affirm the order of the PCRA court and deny as moot Appellant's application for post-submission communication.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On or about February 11, 2016, Appellant filed an application for post-submission communication, asking this Court to recognize that decisions issued by the United States Supreme Court in **Hurst v. Florida**, 136 S.Ct. 616 (2016), and **Montgomery v. Louisiana**, 135 S.Ct. 1546 (2016), "expressly reversed, modified, [and] overruled" decisions cited by the Commonwealth in its brief relating to the PCRA's timeliness requirements,
*(Footnote Continued Next Page)*

In accordance with a negotiated plea agreement, Appellant entered a *nolo contendere* plea on November 13, 2007 to one count of burglary and one count of indecent assault by forcible compulsion. On January 7, 2008, he was sentenced to a term of no less than two years nor more than ten years in a state correctional facility for his burglary conviction, followed by a period of two years of probation for his indecent assault conviction. On direct appeal, this Court vacated as illegal the probation component of Appellant's sentence but otherwise affirmed the judgment of sentence. *Commonwealth v. Tillman*, 981 A.2d 324 (Pa. Super. 2009) (unpublished memorandum).

On May 4, 2010, Appellant filed his first PCRA petition raising a claim related to entry of his DNA into the CODIS database[2] as well as claims of ineffective assistance of counsel for failing to file a motion to suppress blood seized from Appellant based on a CODIS match and for unlawfully inducing

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

including, *inter alia*, *Commonwealth v. Yarris*, 731 A.2d 581 (Pa. 1999) and *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Application for Post-Submission Communication, 2/11/16, at 2. We note Appellant does not cite any authority for his assertion.

[2] "The national data bank known as the Combined DNA Index System (CODIS)[] is a federal undertaking that supports criminal justice databases maintained by various law enforcement agencies throughout the United States of America." *Commonwealth v. Conway*, 14 A.3d 101, 113 n.15 (Pa. Super. 2011).

Appellant to enter the *nolo contendere* plea. Following a hearing on October 29, 2010, Appellant—through his counsel—withdrew his PCRA petition.

On April 3, 2015, Appellant filed, *pro se*, a second PCRA petition.[3] On April 15, 2015, the PCRA court issued an order including a notice pursuant to Pa.R.Crim.P. 907(1) of its intent to dismiss the petition without a hearing. The PCRA court explained, "Dismissal is required because the claims raised in the present PCRA Petition are untimely or have been previously litigated or waived or have no merit." PCRA Court Order, 4/15/15, at 3 (citing 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b) and 9545(b)). The PCRA court recognized that Appellant's petition was his second and acknowledged Appellant's contention that it was saved from the PCRA's time bar because it was filed within 60 days of determining that his "new claim" resulted either from governmental interference (42 Pa.C.S.A. § 9545(b)(1)(i)) or that the facts upon which his claim was based were unknown to him and could not have been ascertained through due diligence (42 Pa.C.S.A. § 9545(b)(1)(ii)). *Id.* The PCRA court rejected both bases claimed by Appellant as exceptions to the time bar. *Id.* at 3-6.

On May 5, 2015, Appellant filed a response to the Rule 907(1) notice to dismiss. The PCRA court granted leave to amend and Appellant

---

[3] The PCRA court indicates Appellant's petition was filed on April 9, 2015. For purposes of this Memorandum, we shall use the date Appellant claims he filed the petition, invoking the prisoner mailbox rule.

subsequently filed an amended second PCRA petition on May 22, 2015, reiterating the arguments set forth in his April 3, 2015 filing. In particular, Appellant claimed (1) the trial court erred by imposing an illegal sentence based on perjured statements in the Pre-Sentence Investigation Report ("PSI"); (2) the trial court erred by imposing a sentence that constituted a miscarriage of justice by both the trial court and the individual who prepared the PSI; and (3) that plea counsel, direct appeal counsel, and initial PCRA counsel were ineffective for failing to challenge the special conditions that were made a part of his sentence and cannot stand in light of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). Appellant's Second Amended PCRA Petition, 5/18/15, at 7-9.[4]

The PCRA court issued an order on July 9, 2015, dismissing Appellant's amended petition and stating:

> [N]othing in the Amended PCRA Petition or in [Appellant's] Response has caused the [c]ourt to change its belief ". . . that there are no genuine issues concerning any material fact and the [Appellant] is not entitled to post-conviction relief, and no other purpose would be served by any further proceedings." Pa.R.Crim.P. 907. Again, for the reasons laid out in this [c]ourt's April 15, 2015 Order and Notice of Intent, dismissal is required because the claims raised in the present Second PCRA Petition are untimely or have been previously litigated or waived or have no merit.

---

[4] Pages 7 through 9 of Appellant's petition include attachments and comprise ten pages of his petition.

PCRA Court Order, 7/9/15, at 4 (incorporating by reference the PCRA court's April 15, 2015 Order).

Appellant filed a timely appeal from the July 9, 2015 order. In this appeal, he presents ten issues for this Court's consideration.

We begin by setting forth our standard of review.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014).

Before considering any issues presented by Appellant, we must first address whether Appellant satisfied the PCRA's timeliness requirements. As this Court reiterated in **Lawson**,

> The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

*Id.* at 4-5.

Our review of the record reflects that Appellant's judgment of sentence became final on July 3, 2009, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition of allowance of appeal to our Supreme Court expired. Therefore, to be timely, Appellant's PCRA petition had to be filed on or before July 3, 2010. The instant petition, filed on April 3, 2015, is patently untimely and we may not consider its merits, if any, unless Appellant has satisfied one of the PCRA's three timeliness exceptions.[5] If a petitioner asserts one of the timeliness exceptions, he

_____

[5] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

*(Footnote Continued Next Page)*

nevertheless must file his petition within sixty days of the date the exception could be asserted. 42 Pa.C.S.A. § 9545(b)(2).

In his amended petition, Appellant asserts his petition is saved from the PCRA's time bar because the facts upon which his claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. Appellant's Amended PCRA Petition, 5/18/15, at 5. In essence, Appellant argues that the author of his PSI committed perjury. He argues he was not aware of the perjurious statements until he received a letter from psychologist Bennett Prieto, Ph.D., dated February 3, 2015, "finally confirming almost 8 years of request[s] for information concerning the pre-sentence investigation." Appellant's Brief, 10/19/15, at 9. He explains he "raised issues based on that letter as it revealed fraud upon the court, perjury and a break down in court operations as well as a delay in raising a claim based on governmental interference." *Id.*

Appellant's assertions that he was unaware of the allegedly perjurious statements in the PSI until February 3, 2015 are belied by his own exhibits to the amended PCRA petition. For instance, on January 20, 2012, Dr. Prieto wrote to Appellant, saying:

_____

*(Footnote Continued)*

> this section and has been held by that court to apply
> retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

In your last letter to me you asked if I had received your case file (as I remember, without having the letter in front of me at this moment). I do NOT believe that I received any such data from you. I have your handwritten letters and your request for what you hope I will say. As you can see from what I have written here, I will not be able to attest to everything you requested but will be as helpful as I can. If [the author of the PSI] closed her pre-sentence evaluation early without including the FACT that I had made efforts to contact her, my statement, I expect, will contradict any such claim she made that she received nothing from me.

Appellant's Amended PCRA Petition, 5/18/15, at Exhibit C2.

Further, by letter to Appellant dated March 5, 2012, Dr. Prieto wrote:

You seem to believe that [the author of the PSI] "never got back" to me. She did, to tell me that you had already been sentenced 2-10 and would be able to appeal after 2 years.

*Id.* at Exhibit C3.

From the sentencing hearing transcript, it is clear Appellant had an opportunity to review the PSI. N.T. Sentencing, 1/7/08, at 4-5. To the extent the author of the PSI made statements about input, or lack thereof, from Dr. Prieto, Appellant was aware of those representations in 2008. To the extent Dr. Prieto challenged those representations, Appellant was aware of those challenges at least by early 2012, more than three years before he filed his second PCRA petition. Receipt of another letter from Dr. Prieto in February 2015 does not trigger a new 60-day period.

We do not consider whether statements from Dr. Prieto or any supposed perjurious remarks in the PSI could provide any basis for PCRA relief because Appellant did not raise the issue in accordance with the

PCRA's timeliness requirements. Further, to the extent Appellant asserts ineffective assistance of plea, direct appeal and PCRA counsel for failing to challenge conditions of his sentence, Appellant clearly knew of those conditions in 2008 and was aware counsel did not challenge them in any proceedings, the latest of which involved Appellant's 2010 PCRA petition. It is not clear how or on what basis Appellant believes the United States Supreme Court's 2013 *Alleyne* decision saves his petition from the PCRA's time bar. Even if there were some legal basis on which he could invoke *Alleyne*, that decision was issued in 2013. Appellant's second PCRA petition was filed in 2015, well beyond sixty days after *Alleyne* was decided.

Appellant has not proven an exception to the PCRA's timeliness requirement. Therefore, this Court lacks jurisdiction to consider the merits, if any, of his untimely petition.

Based on our review, we find the record supports the PCRA court's dismissal of Appellant's second PCRA petition and we further find that its decision is free of legal error. Therefore, we affirm the PCRA court's July 9, 2015 order. Further, in light of our ruling, Appellant's application for post-submission communication is rendered moot. Therefore, the application is denied.

Order affirmed. Application for post-submission communication denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/20/2016</u>